Archibald O. Wemple, J.
This trial was heard by the court, without a jury, on November 7 and November 8 (at 2 p.m.), 1958.
*1045 It is conceded that the plaintiff supplied the goods, wares and merchandise and that the prices charged for same were fair and reasonable. The only question in this case is ‘1 Who is liable?” The testimony indicates that the defendant Ferraro had some business dealings with the plaintiff, introduced the defendant Sam De Cesare to the plaintiff, and that the defendant Alma S. De Cesare owned the lot upon which the improvements were made and sold the lot, with an incomplete building thereon, to one Zita Leszczynski for a valuable consideration.
The defendants Sam De Cesare and Alma S. De Cesare continued to occupy the premises under an “ oral ” lease from said Zita Leszczynski as of the date of the trial.
A careful study of the testimony and the exhibits indicates that the relationship of the defendant Ferraro to the contract was incidental at most The mere charging of the items to Ferraro was not enough to establish his liability. It is quite apparent that the defendant Sam De Cesare ordered the materials for the construction of the house on his wife’s property. It is to he assumed that his wife approved and consented that the improvements be made upon her real estate. So improved, she knowingly conveyed the property to a purchaser for a valuable consideration.
The only conclusion that this court can come to is that the defendants Sam De Cesare and Alma S. De Cesare are indebted to the plaintiff for the full amount demanded in the complaint— namely, $688.72, together with interest from January, 1957 and the costs and disbursements of this action. A trust is imposed upon any purchase moneys involved in the sale of the property enhanced in value by the improvements made, as testified herein.
Let judgment be entered accordingly.